

Adam M. Swanson
Partner
T. 203-399-5928
F. 203-399-5803
aswanson@mccarter.com

McCarter & English, LLP
One Canterbury Green
201 Broad Street
Stamford, CT 06901
www.mccarter.com

February 23, 2021

**VIA CM/ECF**
Honorable Peggy Kuo
US District Court - Eastern District of New York
225 Cadman Plaza E
Brooklyn, NY 11201

Re: *482 Monroe LLC v. Federal National Mortgage Association*
Civil Action No. 1:20-cv-01948-RRM-PK ("Action")

Dear Judge Kuo:

We represent Defendant, Federal National Mortgage Association ("Fannie Mae") in the referenced Action. We write to respectfully raise a discovery issue to the Court in accordance with Rule VI(A)(1) of Your Honor's Individual Practice Rules. Fannie Mae respectfully moves for a stay of discovery in light of a recent decision from the New York Court of Appeals in *Freedom Mortgage Corporation v. Engel*, No. 1, 2021 N.Y. Slip Op. 01090, 2021 WL 623869 (Feb. 18, 2021) ("*Engel*").[1] In the alternative, if the Court determines a stay of discovery is not warranted, Fannie Mae respectfully requests an order compelling Plaintiff to produce a knowledgeable designee for its Rule 30(b)(6) deposition at its expense and pay Fannie Mae the costs of its February 8th deposition at which the deponent denied remembering most facts.

Counsel for Fannie Mae has made a good faith effort to resolve the discovery dispute prior to seeking judicial intervention. At the conclusion of the deposition, Fannie Mae advised Plaintiff that it would ask to re-open the deposition. Plaintiff responded that it would only re-open the deposition with a court order. Counsel for Fannie Mae called counsel for Plaintiff on February 22nd and again on February 23rd, but counsel has not returned the messages left with staff who indicated that counsel could not take the call because he was in a meeting.

**(1)   The Court Should Stay Discovery in Light of *Engel***

The recent decision of the New York Court of Appeals in *Engel* clarifies that Plaintiff's pending motion to dismiss should be denied and that Fannie Mae is likely to succeed on the merits, rendering discovery unnecessary. Pursuant to Fed. R. Civ. Pro. 26(c), the Court may stay discovery upon a showing of "good cause." Courts consider factors such as (1) the merit of the claims and (2) the breadth of discovery versus the burden of responding to it. *See Chesney v Val. Stream Union Free Sch. Dist.* No. 24, 236 FRD 113, 115 (EDNY 2006).

The *Engel* decision shifts the balance to Fannie Mae because it holds that the mortgage acceleration on which Plaintiff relies to trigger the foreclosure statute of limitations in this

---

[1] A copy of the Court of Appeals' decision in *Engel* is enclosed as Exhibit A. Fannie Mae also submitted a separate letter application for supplemental briefing on the pending motion to dismiss.

Action was revoked. This is an action to discharge Fannie Mae's mortgage as time bared, pursuant to NY RPAPL § 1501(4). Plaintiff claims a 2010 foreclosure action accelerated Fannie Mae's mortgage and the mortgage became time-barred in 2016 (*See* Compl. ¶ 7 and 12-14, ECF Doc. No. 1-1). The 2010 foreclosure action was voluntarily discontinued (*See* Exhibit B hereto).

In *Engel*, the New York Court of Appeals held that "where the maturity of the debt has been validly accelerated by commencement of a foreclosure action, the noteholder's voluntary withdrawal of that action revokes the election to accelerate, absent the noteholder's contemporaneous statement to the contrary." *Engel*, 2021 WL 623869, at *3. Consequently, here under the rule of *Engel*, any acceleration caused by the 2010 foreclosure action was revoked when that action was discontinued.

This issue is dispositive.[2] As part of its *prima facie* case, Plaintiff must prove Fannie Mae's mortgage is barred by the statute of limitations. *See 839 Cliffside Ave. LLC v. Deutsche Bank Nat'l Tr. Co. for First Franklin Mortg. Loan Tr. 2006-FF3 Mortg. Pass-Through Certificates, Series 2006-FF3,* No. 15-CV-4516 (SIL), 2018 WL 4608198, at *4 (E.D.N.Y. Sept. 25, 2018). Expiry of the statute of limitations turns on acceleration of the mortgage. *Engel*, 2021 WL 623869, at *2. Since Plaintiff cannot prove that Fannie Mae's mortgage is barred by the statute of limitations under the rule of *Engel*, its claim to discharge the mortgage must fail.

**(2)   Plaintiff Should be Required to Designate a Knowledgeable Witness for Deposition**

If the Court orders discovery to proceed, Plaintiff must be ordered to comply with its obligations under the federal rules. Fannie Mae has been unable to obtain meaningful discovery from Plaintiff to date because in its Rule 30(b)(6) deposition, Plaintiff's principal admitted he made no real effort to prepare and denied knowing or recalling most facts. Fannie Mae, therefore requests Plaintiff be ordered to produce a witness with knowledge of the facts of this Action.

Fannie Mae noticed a Rule 30(b)(6) deposition of Plaintiff, identifying 13 topics for inquiry. (*See* Exhibit C). A party responding to a Rule 30(b)(6) deposition notice must produce and prepare a witness to respond to questions within the scope of inquiry set out in the deposition notice. *See* Fed. R. Civ. P. 30(b)(6). Plaintiff had an obligation to prepare its designee in a way that he is able "to give complete, knowledgeable and binding answers" on its behalf. *Rubie's Costume Co. v. Kangaroo Mfg.*, No. CV166517SJFAKY, 2018 WL 4558405, at *12 (EDNY Sep. 21, 2018). Plaintiff did not adequately prepare its designee.

On February 9, 2020, Fannie Mae conducted the deposition of Plaintiff's Designee, Oz Rabinovitz. A copy of the transcript of Mr. Rabinovit'z deposition is annexed as Exhibit D ("Tr."). When asked about preparation, Mr. Rabinovitz admitted he did not prepare at all:

> Q.   Mr. Rabinovitz, what did you do to prepare for your deposition today, sir?
> …
> A.   I went over my notes. Nothing, nothing in particular.
> Q.   What types of notes do you have, Mr. Rabinovitz?

---

[2] To date, Fannie Mae has relied upon its rights under New York CPLR § 205, the "savings statute" in its defense. Fannie Mae does not waive its rights under CPLR § 205.

> A. I memorized, went over the information.
> Q. All in your head, sir, or were these notes written on paper?
> A. Mainly my head.
> Q. Do you have any notes written on paper, Mr. Rabinovitz?
> A. No.
> Q. Did you speak with anyone other than your attorney to prepare for your deposition today, Mr. Rabinovitz?
> A. No.

(Tr., at p. 16:2-16:23.)

During his deposition, Mr. Rabinovitz repeatedly indicated he "did not know" or "did not remember" answers to questions. Mr. Rabinovitz used the phrase "I do not know", "I do not remember" or "I don't recall" over three hundred times.[3] For example:

> Q. Mr. Rabinovitz, how many properties do you own?
> A. I don't remember.
> Q. Is it more than one?
> A. I don't remember.
> …
> Q. Do you manage real estate, Mr. Rabinovitz?
> A. I don't remember.
> Q. Do you own any companies other than 482 Monroe LLC?
> A. Own? I don't remember.

(Tr., at p. 35:10-36:6.)

Under Rule 37(d), failure to provide a knowledgeable 30(b)(6) witness is "tantamount to a failure to appear." *Meyer Corp. U.S. v. Alfay Designs, Inc.*, No. CV 2010 3647 (CBA)(MDG), 2012 WL 3536987, at *9 (E.D.N.Y. Aug. 13, 2012). Sanctions may be imposed where "inadequacies in a deponent's testimony [are] egregious and not merely lacking in desired specificity in discrete areas." *Id.*

**(3) Conclusion**

For the foregoing reasons, Fannie Mae requests that the Court stay discovery, but if the Court determines discovery ought to proceed, Fannie Mae asks for an order compelling Plaintiff to produce a knowledgeable and properly prepared designee for its Rule 30(b)(6) deposition at its expense and award Fannie Mae costs for its February 9, 2020 deposition.

> Respectfully submitted,
> /s/ Adam M. Swanson

Cc: All counsel of record (via ECF)

---

[3] *See, e.g.* Tr., at pp. 14:23; 15:8; 15:10; 15:17; 15:20; 24:23; 25:2; 27:23; 32:2; 32:5; 33:5; 33:9; 33:12; 33:17; 33:19 and 35:12-24.)