

**Timothy W. Salter**
Special Counsel

T. 212-609-6886
F. 212-935-5491

tsalter@mccarter.com

McCarter & English, LLP
250 W. 55th Street, 13th Floor
New York, NY 10019-7475

www.mccarter.com

June 24, 2025

**Via CM/ECF**
Hon. Peggy Kuo
United States District Court for the Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

RE: 482 Monroe LLC v. Federal National Mortgage Association
Civil Action No. 1:20-cv-01948-FB-PK (the "Action")

Your Honor:

This firm represents defendant Federal National Mortgage Association ("Fannie Mae") in the Action. We write pursuant to Your Honor's January 15, 2025, order staying the Action pending the Second Circuit's decision in *E. Fork Funding LLC v. U.S. Bank., N.A.* to advise of the *enclosed* decision issued in that proceeding on June 2, 2025. Notably, the Second Circuit did <u>not</u> decide whether the Foreclosure Abuse Prevention Act ("FAPA") should be interpreted to apply retroactively or if it is constitutionally permissible to do so. Rather, the Second Circuit's decision concerned the effect of the expiration of the mortgagee's notice of pendency under New York law and whether the quiet title plaintiff had adequately stated a claim under N.Y. R.P.A.P.L. § 1501(4).

Your Honor's January 15, 2025, order directed the filing of "supplement briefing regarding the decision's applicability to the case" within fourteen days of the Second Circuit's ruling in *E. Fork Funding, LLC*, however, its decision is inapplicable to this Action because the Second Circuit did not interpret or apply FAPA. Consequently, Fannie Mae respectfully requests that the pending motions be expeditiously decided based on the existing record.[1]

Respectfully submitted,

s/Timothy Wm. Salter
Timothy W. Salter
McCarter & English, LLP
Attorneys for Fannie Mae

Enc.

CC: Dustin B. Bowman, Esq.
Matthew J. Routh, Esq.
Attorneys for Plaintiff 482 Monroe LLC
**VIA CM/ECF**

---

[1] *See* ECF Doc. Nos. 69, 70, 71, 73, 75, 78, 88 and 89.

ME1\53638130.v1


# E. Fork Funding LLC v. Deutsche Bank Nat'l Trust Co.

United States Court of Appeals for the Second Circuit

June 2, 2025, Decided

No. 24-2066

**Reporter**
2025 U.S. App. LEXIS 13343 *; 2025 LX 146294; 2025 WL 1554814

EAST **FORK FUNDING** LLC, Plaintiff-Appellant, v. DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE FOR THE BENEFIT OF THE CERTIFICATE HOLDERS FOR AGENT SECURITIES INC., ASSET BACKED PASS THROUGH CERTIFICATES, SERIES 2006-W1, Defendant-Appellee.

**Notice:** PLEASE REFER TO *FEDERAL RULES OF APPELLATE PROCEDURE RULE 32.1* GOVERNING THE CITATION TO UNPUBLISHED OPINIONS.

**Prior History:** [*1] Appeal from a judgment of the United States District Court for the Eastern District of New York (Cogan, J.).

*E. Fork Funding, LLC v. Deutsche Bank Nat'l Trust Co., 2024 U.S. Dist. LEXIS 145265 (E.D.N.Y., July 4, 2024)*
*E. Fork Funding, LLC v. Deutsche Bank Nat'l Trust Co., 729 F. Supp. 3d 346, 2024 U.S. Dist. LEXIS 119932 (E.D.N.Y., Apr. 11, 2024)*

## Core Terms

foreclosure action, actual notice, notice, district court, mortgage, notice of pendency, purchaser, constructive notice, strict foreclosure, final judgment, state court, foreclosure, statute of limitations, pending appeal, real property, notice-of-pendency, common-law, foreclose, pendency, appeals

## Case Summary

**Overview**
**Key Legal Holdings**

- East **Fork** has not stated a viable claim under *New York Real Property Actions and Proceedings Law ("RPAPL") § 1501(4)* because Deutsche Bank timely filed a foreclosure action in 2009, which concluded in a judgment of foreclosure and sale in September 2022, and while East **Fork** was never joined as a party, it does not allege that it lacked notice of the action when it bought the Property in 2016.
- Under well-established common-law principles, a purchaser of real property is bound by the consequences of a lawsuit of which they had actual knowledge, even if there was no valid notice of pendency filed.

**Material Facts**

- Deutsche Bank originally filed a foreclosure action against the mortgagor Pamela Palermo in 2009 after she defaulted on the mortgage for a property in Staten Island.

Timothy Salter

- East **Fork** bought the property in 2016 at a foreclosure sale arising from a separate action, at which time Deutsche Bank's mortgage was recorded but the notice of pendency for its foreclosure action had expired.

- In 2018, the state court dismissed Deutsche Bank's foreclosure action for failure to prosecute.

- East **Fork** filed this federal action in 2021, seeking to discharge Deutsche Bank's mortgage based on the statute of limitations.

- After East **Fork** filed suit, Deutsche Bank successfully moved to vacate the dismissal of its foreclosure action and obtained a judgment of foreclosure and sale, purchasing the property at the foreclosure sale.

- Deutsche Bank also initiated a strict foreclosure action in state court to extinguish East **Fork**'s redemption rights.

**Controlling Law**

- *New York Real Property Actions and Proceedings Law § 1501(4)*.

- New York Civil Practice Law and Rules.

**Court Rationale**

The court reasoned that East **Fork** was bound by the outcome of Deutsche Bank's foreclosure action if East **Fork** had actual notice of the action when it purchased the property, regardless of whether a valid notice of pendency was filed. Since East **Fork** did not allege that it lacked actual notice, it failed to state a claim under *RPAPL § 1501(4)*. The court further reasoned that East **Fork**'s complaint remained deficient even after Deutsche Bank obtained a judgment of foreclosure because East **Fork**, as a successor in interest, would be bound by that judgment unless it alleged lack of notice. And East **Fork**'s claim was also barred by the pending strict foreclosure action filed by Deutsche Bank.

**Outcome**
**Procedural Outcome**

The Second Circuit affirmed the district court's dismissal of East **Fork**'s complaint.

# LexisNexis® Headnotes

Civil Procedure > Appeals > Standards of Review > De Novo Review

Civil Procedure > ... > Defenses, Demurrers & Objections > Motions to Dismiss > Failure to State Claim

*HN1* **Standards of Review, De Novo Review**

A district court's grant of a motion to dismiss, including its legal interpretation and application of a statute of limitations, is reviewed de novo. On a motion to dismiss, a court may consider extrinsic material that the complaint incorporates by reference, that is integral to the complaint, or of which courts can take judicial notice. A decision dismissing a complaint may be affirmed on any grounds supported in the record, even if it is not one on which the trial court relied.

Governments > Courts > Common Law

*HN2* **Courts, Common Law**

Under well-established common-law principles, a purchaser of real property is bound by the consequences of a lawsuit of which the purchaser has actual knowledge.

Civil Procedure > Pleading & Practice > Lis Pendens > Notice of Lis Pendens
Civil Procedure > ... > Provisional Remedies > Lis Pendens > Notice of Lis Pendens

Real Property Law > Priorities & Recording > Lis Pendens

*HN3* **Lis Pendens, Notice of Lis Pendens**

The purpose of New York's notice-of-pendency statutes is to reduce the harshness of the common-law rule of constructive notice, known as lis pendens, which charged all purchasers of real property with notice of all pending litigation. But that discrete modification of the common law effected by the notice-of-pendency statutes does not alter the separate common-law rule governing the effect of actual notice.

Civil Procedure > Pleading & Practice > Lis Pendens > Notice of Lis Pendens
Civil Procedure > ... > Provisional Remedies > Lis Pendens > Notice of Lis Pendens

Real Property Law > Priorities & Recording > Lis Pendens

*HN4* **Lis Pendens, Notice of Lis Pendens**

The role of both the common-law lis pendens—which attached immediately upon service of process—and the statutory notice of pendency—which must be filed with the county clerk in the county where the property sits—is to encumber a property during litigation and to bind any purchaser of an interest in that property to the litigation's outcome. The key difference is that for a purchaser of real property under the common law, a search of all court records was required to determine whether the seller could convey clear title, while under the new statutory regime, third persons are charged with knowledge only of what appears in the records pertaining to the property itself.

Real Property Law > Financing > Secondary Financing > Lien Priorities

*HN5* **Secondary Financing, Lien Priorities**

Notice-of-pendency statutes streamline real property transactions by protecting buyers who lack notice of pending litigation. But it does not follow that those laws benefit purchasers who have actual notice of pending litigation, and do not need protection, by allowing them to discharge senior mortgages opportunistically any time they discover a missing, defective, or lapsed notice of pendency.

Civil Procedure > Appeals > Appellate Jurisdiction > Final Judgment Rule

*HN6* **Appellate Jurisdiction, Final Judgment Rule**

The Court of Appeals has held that where an action affecting real property has been resolved by final judgment, the notice of pendency has been vacated, and the appellant has not obtained a stay pending appeal, a purchaser who takes title with actual notice of a pending appeal from that judgment may nonetheless take clear title.

Real Property Law > Financing > Foreclosures > Judicial Foreclosures

## HN7 Foreclosures, Judicial Foreclosures

The procedural protections provided to property owners in any action other than a foreclosure action do not apply to foreclosure actions. N.Y. C.P.L.R. Law 6515.

Civil Procedure > ... > Defenses, Demurrers & Objections > Motions to Dismiss > Failure to State Claim

Real Property Law > ... > Mortgages & Other Security Instruments > Satisfaction & Termination > Statute of Limitations

Governments > Legislation > Statute of Limitations > Time Limitations

## HN8 Motions to Dismiss, Failure to State Claim

To survive a motion to dismiss, a plaintiff must allege that the period allowed by the applicable statute of limitation for the commencement of an action to foreclose a mortgage has expired. *N.Y. Real Prop. Acts. Law 1501 (4)*.

Governments > Legislation > Statute of Limitations > Time Limitations

Real Property Law > Financing > Foreclosures > Judicial Foreclosures

Real Property Law > ... > Mortgages & Other Security Instruments > Satisfaction & Termination > Statute of Limitations

## HN9 Statute of Limitations, Time Limitations

The expiration of the statute of limitations is an essential element of an action pursuant to *N.Y. Real Prop. Acts. Law 1501 (4)*. The existence of a pending foreclosure action precludes such an action.

**Counsel:** FOR PLAINTIFF-APPELLANT: CHRISTOPHER VILLANTI, Rosenberg Fortuna & Laitman, LLP, Garden City, NY.

FOR DEFENDANT-APPELLEE: KATHLEEN MASSIMO, Houser LLP, New York, NY.

**Judges:** PRESENT: MYRNA PÉREZ ALISON J. NATHAN, MARIA ARAÚJO KAHN, Circuit Judges.

# Opinion

**SUMMARY ORDER**

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-Appellant East **Fork** **Funding** LLC ("East **Fork**") appeals from an order and judgment dismissing its complaint against Defendant-Appellee Deutsche Bank National Trust Company ("Deustche Bank")[1] and from an order denying reconsideration. This appeal requires us to decide whether East **Fork** has stated a claim to discharge Deutsche Bank's mortgage on a parcel of real property in Staten Island (the "Property") because the statute of limitations now bars Deutsche Bank from foreclosing East **Fork**'s rights in the Property. East **Fork**'s complaint was properly dismissed because Deutsche Bank timely filed a foreclosure action in 2009, which concluded in a judgment of foreclosure and sale in September 2022, and while East **Fork** [*2] was never joined as a party, it does not allege that it lacked notice of the action when it bought the Property in 2016. Therefore, East **Fork** does not sufficiently allege that it is not bound by the outcome of those proceedings, and the district court properly dismissed its complaint.

We assume the parties' familiarity with the underlying facts and the procedural history, which we recount only as necessary to explain our decision to affirm the district court's judgment.

**FACTUAL AND PROCEDURAL BACKGROUND**

Deutsche Bank originally filed an action to foreclose its mortgage on the Property on February 20, 2009 (the "Foreclosure Action"), after mortgagor Pamela Palermo defaulted. The defendants in that action included Palermo, the Board of Managers of the condominium (the "Board"), another putative junior lienholder, and unnamed occupants. When Deutsche Bank filed the Foreclosure Action, it also elected to accelerate the entire debt, which triggered the six-year statute of limitations on any action to collect that debt. *See N.Y. C.P.L.R. § 213(4)*; *53rd St., LLC v. U.S. Bank Nat'l Ass'n, 8 F.4th 74, 78 (2d Cir. 2021)*.

East **Fork** bought the Property in 2016 at a foreclosure sale arising out of a separate foreclosure action brought by the Board against Palermo. At that time, Deutsche [*3] Bank's mortgage was duly recorded, but the most recent notice of pendency of the Foreclosure Action, filed in 2012, had expired in 2015. *See N.Y. C.P.L.R. §§ 6501*, *6513*. Under New York law, a valid notice of pendency would have given the world constructive notice of a pending action concerning the Property, and anyone who recorded an interest in the Property with such a notice of pendency on file would have been bound by the outcome of the action as if they had been a party. *Id. § 6501(a)*.

In 2018, the Supreme Court, Richmond County, dismissed the Foreclosure Action sua sponte for failure to prosecute.

East **Fork** filed this action in federal court on August 16, 2021, more than six years after Deutsche Bank's limitations period to commence an action to foreclose on its mortgage had run and more than three years after the Foreclosure Action was dismissed. East **Fork**'s complaint did not include any allegations about whether it had notice of the pending Foreclosure Action at the time it acquired its interest in the property.[2]

---

[1] Deutsche Bank is named in this action in its capacity as trustee, and the full name of the Defendant is Deutsche Bank National Trust Company, as trustee for the benefit of the certificate holders for Agent Securities Inc., Asset Backed Pass Through Certificates, Series 2006-W1.

[2] East **Fork** did allege, "[u]pon information and belief," that Deutsche Bank had triggered the statute of limitations more than six years prior by accelerating the mortgage debt—which indicated awareness of the Foreclosure Action at the time this case was filed. J. App'x at 13. East **Fork** also alleged, "[u]pon information and belief," that Deutsche Bank was not then "a party to any action in which it . . . is seeking to collect upon the full amount due," *id.* at 14—which was true in the sense that the Foreclosure Action had been dismissed at the time. But neither of those allegations clearly states whether East **Fork** had actual notice of the Foreclosure Action when it acquired the Property in 2016.

Since filing its complaint, East **Fork** has avoided making a clear statement on this issue, including in its statement of material facts in support of its motion for summary judgment, J. App'x at 50-53, and its affidavits in support of that motion, *id.* at 55-56, 65-67. When asked at oral argument, "You are representing to us that you did not have actual notice?", East **Fork**'s counsel initially answered, "correct, certainly yes, that is the representation," but then he backtracked, stating, "I personally don't have

Apparently prompted by that filing, Deutsche Bank returned to state court a few months later and successfully moved to vacate the dismissal of the Foreclosure Action. A few days later, Deutsche Bank **[*4]** moved to dismiss this action, and East **Fork** cross-moved for summary judgment. Those motions remained pending for nearly two and a half years. During that time, Deutsche Bank obtained a final judgment of foreclosure and sale and purchased the Property as the highest bidder at the foreclosure sale.

In November 2023, Deutsche Bank made the district court aware of the developments in the Foreclosure Action, and the district court responded by ordering East **Fork** to show cause why this case should not be dismissed in light of the judgment of foreclosure and sale. A few days later, Deutsche Bank initiated a "strict foreclosure" action in state court to extinguish East **Fork**'s right to redeem the mortgage (the "Strict Foreclosure Action").

The district court denied East **Fork**'s motion for summary judgment and granted Deutsche Bank's motion to dismiss on April 11, 2024, and subsequently entered judgment for Deutsche Bank. The district court denied East **Fork**'s motion for reconsideration on July 4, 2024, and East **Fork** timely appealed.

## STANDARD OF REVIEW

*HN1* "We review *de novo* a district court's grant of a motion to dismiss, including its legal interpretation and application of a statute of limitations." **[*5]** *Mallet v. N.Y. State Dep't of Corr. & Cmty. Supervision, 126 F.4th 125, 131 (2d Cir. 2025)* (internal quotation marks omitted) (quoting *Deutsche Bank Nat'l Tr. Co. v. Quicken Loans Inc., 810 F.3d 861, 865 (2d Cir. 2015)*). On a motion to dismiss, this Court, like the district court, may "consider extrinsic material that the complaint 'incorporate[s] by reference,' that is 'integral' to the complaint, or of which courts can take judicial notice." *Lively v. WAFRA Inv. Advisory Grp., Inc., 6 F.4th 293, 305 (2d Cir. 2021)*. Further, "we are free to affirm a decision dismissing a complaint on any grounds supported in the record, even if it is not one on which the trial court relied." *United States ex rel. Foreman v. AECOM, 19 F.4th 85, 122-23 n.10 (2d Cir. 2021)* (internal quotation marks omitted and alteration adopted) (quoting *Mandala v. NTT Data, Inc., 975 F.3d 202, 207 (2d Cir. 2020)*).

## DISCUSSION

East **Fork** has not alleged a viable claim under *New York Real Property Actions and Proceedings Law ("RPAPL") § 1501(4)* because Deutsche Bank timely initiated the Foreclosure Action, and while East **Fork** was never made a party, it has not sufficiently alleged that it is not bound to the outcome. Specifically, East **Fork** has not alleged that it lacked actual notice of the Foreclosure Action when it purchased the Property. For the reasons that follow, on the record before us, that is fatal to East **Fork**'s claim. Below we explain, first, why the question of actual notice of the Foreclosure Action is dispositive of East **Fork**'s rights in the Property; and second, why East **Fork**'s failure to allege that it lacked notice requires dismissal on the current **[*6]** record but may not preclude litigation of the issues in state court.

### I. East Fork is bound by the outcome of the Foreclosure Action if it had actual notice.

*HN2* As a threshold matter, "[u]nder well-established common-law principles, a purchaser of real property is bound by the consequences of a lawsuit of which he has actual knowledge." *Da Silva v. Musso, 76 N.Y.2d 436, 559 N.E.2d 1268, 1269, 560 N.Y.S.2d 109 (N.Y. 1990)*; *accord DeMaio v. Capozello, 124 A.D.3d 823, 3 N.Y.S.3d 363, 364 (2d Dep't 2015)*. Therefore, if East **Fork** in fact had actual notice of the Foreclosure Action when it bought the property, East **Fork** was bound by the outcome of that action as a successor in interest. *See Morequity, Inc. v.*

---

actual knowledge, and there's certainly nothing in the record that would suggest otherwise," "I'm personally not privy to the due diligence that is done by my client prior to purchasing the property," and repeating that there was no indication in the record that East **Fork** had such notice. Oral Arg. Audio at 3:25-3:34, 4:04-4:18, 4:41-4:54. We agree, and we address the implications of that gap in the record below.

*Centennial Ins. Co., 201 A.D.3d 929, 157 N.Y.S.3d 741, 742 (2d Dep't 2022)* ("[A]ppellant had actual knowledge of the mortgage and of this foreclosure action at the time it obtained title. Accordingly, the court properly determined that the appellant is bound by all proceedings taken in the action . . . ." (citation omitted)).

Contrary to East **Fork**'s argument, the fact that Deutsche Bank failed to maintain a valid notice of pendency on file with the Richmond County clerk is a red herring in this case. A valid notice of pendency would have given the world constructive notice of the Foreclosure Action, and it would have meant that *any* purchaser—with or without actual notice—would have been bound to the outcome. *N.Y. C.P.L.R. § 6501(a)*; *RPAPL § 1353(3)*. But even if East **Fork** [*7] did not have constructive notice, it was still bound if it had actual notice of the Foreclosure Action. *See Wells Fargo Bank, NA v. Rodriguez, 203 A.D.3d 869, 160 N.Y.S.3d 898, 899 (2d Dep't 2022)* ("[A] notice of pendency serves to establish constructive notice of an action. **E** 4 St failed to establish, however, that it lacked actual notice . . . of the plaintiff's claim." (citations omitted)).

**HN3** As the Court of Appeals has held, the purpose of New York's notice-of-pendency statutes is to "reduce[] the harshness of the common-law rule" of constructive notice, known as lis pendens, which charged *all* purchasers of real property with notice of *all* pending litigation.[3] *In re Sakow, 97 N.Y.2d 436, 767 N.E.2d 666, 669, 741 N.Y.S.2d 175 (N.Y. 2002)*. But that discrete modification of the common law effected by the notice-of-pendency statutes does not alter the separate common-law rule governing the effect of actual notice. *See* Elizabeth M. Bosek & Laura Hunter Dietz, 13A Carmody-Wait 2d § 87:6 (Mar. 2025 update) ("The notice-of-pendency statute . . . is intended only to replace a constructive notice occasioned at common law by the commencement of an action . . . . Thus, actual notice to a prospective purchaser subjects the purchaser to the consequences of the action whether or not an effective statutory notice is on file."). **HN4** The role of both the common-law lis pendens—which "attached immediately upon service of process"—and the statutory notice [*8] of pendency—which must be filed with the county clerk in the county where the property sits—is to encumber a property during litigation and to bind *any* purchaser of an interest in that property to the litigation's outcome. *In re Sakow, 767 N.E.2d at 669-70*. The key difference is that for a purchaser of real property under the common law, "a search of all court records was required" to determine whether the seller could convey clear title, while under the new statutory regime, "third persons [a]re charged with knowledge only of what appear[s] in th[e] records" pertaining to the property itself. *Id. at 669*. **HN5** In other words, notice-of-pendency statutes streamline real property transactions by protecting buyers who lack notice of pending litigation. But it does not follow that those laws benefit purchasers who *have* actual notice of pending litigation, and do not need protection, by allowing them to discharge senior mortgages opportunistically any time they discover a missing, defective, or lapsed notice of pendency.

East **Fork** argues that under New York law, actual notice is irrelevant and all that matters now is the notice of pendency, but East **Fork** mistakes a narrow exception for the general rule. **HN6** In *Da Silva v. Musso*, the Court of Appeals held [*9] that where an action affecting real property has been resolved by final judgment, the notice of pendency has been vacated, and the appellant has not obtained a stay pending appeal, a purchaser who takes title with actual notice of a pending *appeal* from that judgment may nonetheless take clear title. *559 N.E.2d at 1271-72*. But the *Da Silva* court did not hold that actual notice of litigation in general is irrelevant. Rather, the decision rested on "principles governing the effect of final judgments and orders," and specifically the principle that rights determined by final judgment generally are "fully enforceable" during the pendency of an appeal absent "a judicially issued stay." *Id. at 1270*. The court also found that a narrow exception was required because, if actual notice of a pending appeal could stop a purchaser from acquiring clear title from the property owner, the party who lost in the trial court could circumvent certain "statutory provision[s] for judicial oversight to protect the property owner's legitimate interests." *Id. at 1271-72*. **HN7** Those protections, and thus the court's rationale for the exception, notably do not apply to foreclosure actions. *See N.Y. C.P.L.R. § 6515* (providing certain procedural protections to property owners "[i]n any action [*10] other than a foreclosure action"). The case cited by East **Fork** on this point also involved a pending appeal, not ongoing litigation in the trial court, and rested on the exception carved out in *Da Silva*. *Tzolis v. RB Estates LLC, No. 0104022/2007, 2008 N.Y. Misc. LEXIS 7591, 2008 WL 279222 (N.Y. Sup. Ct.*

---

[3] This appeal does not require us to address whether an effective notice of pendency is the only means by which a purchaser can have constructive notice of a pending foreclosure action, and we express no opinion on that question.

*Jan. 18, 2008)* ("[W]hether RB Estates had knowledge, either actual or constructive, of the pending appeal or of the vacated notice of pendency is not legally significant."), *aff'd*, 51 A.D.3d 577, 857 N.Y.S.2d 491 (1st Dep't 2008).[4] Neither *Da Silva* nor its progeny casts doubt on the general rule that a purchaser with actual notice of a pending foreclosure action is bound by the result, with or without a notice of pendency.

In short, nothing in New York's statutory regime, nor in the cases construing it, suggests that the notice-of-pendency statutes abrogated the common-law principle that a purchaser with actual notice of a pending foreclosure action is bound by its outcome.

## II. East Fork has not sufficiently alleged a claim under RPAPL § 1501(4).

**HN8** To survive a motion to dismiss, East **Fork** must allege that "the period allowed by the applicable statute of limitation for the commencement of an action to foreclose a mortgage . . . has expired." *RPAPL § 1501(4)*. This appeal requires us to decide whether East **Fork** has met that burden, even though (1) Deutsche Bank timely filed the Foreclosure Action **[*11]** and prosecuted it to judgment, (2) East **Fork** has not alleged that it lacked actual notice of the Foreclosure Action, and (3) Deutsche Bank subsequently filed the Strict Foreclosure Action, which remains pending.[5] We conclude that East **Fork** has not stated a claim for relief on the present record. This is true despite East **Fork**'s argument that Deutsche Bank should not benefit from belatedly reviving the Foreclosure Action *after* East **Fork** filed this case.[6]

First, when East **Fork** originally filed this action, its *RPAPL § 1501(4)* claim was insufficiently pleaded because the Foreclosure Action was still pending as a matter of New York law. Even though the Foreclosure Action had been dismissed at that point, the dismissal was without prejudice. Because Deutsche Bank was permitted to file a motion to vacate and could have appealed from a denial of that motion, under New York law, the Foreclosure Action was not terminated until all appeals were final. *See Bank of N.Y. Mellon v. Slavin, 156 A.D.3d 1073, 67 N.Y.S.3d 328, 331 (3d Dep't 2017)*; *see also Malay v. City of Syracuse, 25 N.Y.3d 323, 12 N.Y.S.3d 1, 33 N.E.3d 1270, 1273 (N.Y. 2015)* ("[T]ermination of the . . . action occurs when appeals as of right are exhausted." (internal quotation marks omitted)). After the state court reinstated Deutsche Bank's Foreclosure Action, East **Fork**'s *RPAPL § 1501(4)* claim remained deficiently pleaded **[*12]** because the Foreclosure Action was pending. **HN9** "Because the expiration of the statute of limitations is an essential element of an action pursuant to *RPAPL [§] 1501(4)*, the existence of a pending foreclosure action precludes [such an] action." 4 *4 Stella Mgt., LLC v. Citimortage, Inc., 204*

---

[4] *Polish National Alliance of Brooklyn v. White Eagle Hall Co., 98 A.D.2d 400, 470 N.Y.S.2d 642 (2d Dep't 1983)*, also is not to the contrary. The question before the court in *Polish National* was whether the absence of certain parties from a foreclosure action required vacatur of a judgment of foreclosure and sale and dismissal of the action. *Id. at 646*. The court ultimately found that, even if the omitted parties were "necessary" parties—meaning they had taken title without notice of the pending foreclosure action—they were not "indispensable" parties for purposes of *N.Y. C.P.L.R. § 1001*. *Id. at 648*. The court thus had no occasion to consider the effect, if any, of actual notice on those parties' rights. *Id.* ("Thus—whatever the rights of its contract vendees who are not appellants here—White Eagle cannot nullify the foreclosure action on the basis of PNA's failure to name those vendees as parties . . . ."). While the same court, five years later in a different case, noted that those parties in fact had actual notice of the transaction when they took title, *White Eagle Hall Co. v. Safay, 138 A.D.2d 592, 526 N.Y.S.2d 176, 176-77 (2d Dep't 1988)*, that fact was not necessary to the holding in either case, and it does not persuade us that the Court of Appeals would resolve this issue differently than we do in this case.

[5] We take judicial notice of records of the state court proceedings, as did the district court. *See Lively, 6 F.4th at 305*.

[6] We resolve this appeal on the state of the federal pleadings and judicially noticed state court actions as they currently stand, which is materially identical to the record on which the district court rendered its decision. *See, e.g., ONY, Inc. v. Cornerstone Therapeutics, Inc., 720 F.3d 490, 495 (2d Cir. 2013)* (taking judicial notice of facts relevant to motion to dismiss even though they did not arise "until after the district court dismissed the complaint"); *Rothman v. Gregor, 220 F.3d 81, 92 (2d Cir. 2000)* (taking judicial notice of pleadings in another action that were omitted from proposed amended complaint because they were filed later). However, we briefly address Deutsche Bank's actions in state court because East **Fork** has argued that, as a matter of equity, this Court should not rely on those developments.

A.D.3d 868, 164 N.Y.S.3d 827, 827 (2d Dep't 2022) (collecting cases); accord Smith v. Bank of N.Y. Mellon, No. 2021-09079, 2025 N.Y. App. Div. LEXIS 2298, 2025 WL 1173638, at *1 (2d Dep't Apr. 23, 2025). We may assume, without deciding, that a hypothetical plaintiff could overcome that bar by pleading facts showing that they were not parties to the pending action *and* would not be bound by its outcome. Cf. Deutsche Bank Nat'l Tr. Co. v. Zak, 235 A.D.3d 839, 228 N.Y.S.3d 607, 611-12 (2d Cir. 2025) (granting summary judgment and discharging mortgage pursuant to RPAPL § 1501(4) as to one defendant/counterclaim-plaintiff who showed that action was time-barred as to her, despite ongoing foreclosure action against co-defendant). But East **Fork** made no attempt to plead such facts here.

Second, after the parties' cross-motions had been pending for a few months, Deutsche Bank won a final judgment of foreclosure and sale and made the winning bid to purchase the Property. At that point, there was no longer a *pending* foreclosure action, but East **Fork**'s complaint was still insufficient because the final judgment would operate as a bar on any claims by the parties to the judgment or "those in privity with a party." Ciraldo v. JP Morgan Chase Bank, N.A., 140 A.D.3d 912, 34 N.Y.S.3d 113, 115 (2d Dep't 2016). We may again assume that, despite [*13] acquiring the Property from a party to the Foreclosure Action, East **Fork** could have pleaded around that bar if it could have alleged a lack of notice. See Kolel Damsek Eliezer, Inc. v. Schlesinger, 90 A.D.3d 851, 857, 935 N.Y.S.2d 83 (2d Dep't 2011) ("[R]espondents failed to establish that the plaintiff took title to the subject property with actual or constructive knowledge of their claims to the property and, thus, the respondents failed to establish that the plaintiff was in privity with [a party] . . . ."). But East **Fork** did not plead that it lacked notice, so its complaint remained deficient even when there was no foreclosure action pending.

Third, by the time the district court adjudicated the parties' motions, Deutsche Bank had filed a new action to foreclose East **Fork**'s interest in the Property, which Deutsche Bank describes as a strict foreclosure action,[7] and East **Fork**'s action was again barred by the rule that such actions are barred by "the existence of a pending foreclosure action." Smith, 2025 N.Y. App. Div. LEXIS 2298, 2025 WL 1173638, at *1. Again, we may assume it remained possible to plead around that bar, for example, by alleging facts showing the Strict Foreclosure Action itself is time-barred or otherwise defective because of a defect in the original action. See McWhite v. I & I Realty Grp., LLC, 210 A.D.3d 1069, 179 N.Y.S.3d 302, 306 (2d Dep't 2022). But East **Fork** has pleaded no such allegations, so it [*14] still has not stated a claim.

To be clear, neither we nor the district court have expressed a view on whether East **Fork** will or should prevail in the Strict Foreclosure Action, nor about whether East **Fork** may have a viable quiet-title claim if it does prevail.[8] See E. Fork Funding, LLC v. Deutsche Bank Nat'l Tr. Co., 729 F. Supp. 3d 346, 349 (E.D.N.Y. 2024) (noting that the parties may litigate these issues and their "competing claims to" the Property in state court), *reconsideration denied*, No. 21-cv-4600, 2024 U.S. Dist. LEXIS 145265, 2024 WL 3682553 (E.D.N.Y. July 4, 2024). East **Fork** raises several close questions under New York law, and we leave it to the state court to resolve those questions and to decide the preclusive effect, if any, of the judgment in this case. We hold only that, on the current record, East **Fork** has not met its burden to go forward with an action to quiet title and preempt those questions.

---

[7] A strict foreclosure action is one means by which a successful foreclosure plaintiff, who failed to name a party who holds an interest in the initially foreclosed property, may bring a subsequent action "to foreclose or extinguish a right of redemption . . . therein." RPAPL § 1352; see McWhite v. I & I Realty Grp., LLC, 210 A.D.3d 1069, 179 N.Y.S.3d 302, 306 (2d Dep't 2022) ("Where the interest of a necessary party has not been foreclosed upon in a judgment of foreclosure and sale, the purchaser of the foreclosed property has two potential remedies: a strict foreclosure action pursuant to RPAPL [§] 1352, or a reforeclosure action pursuant to RPAPL [§] 1503.").

[8] Contrary to the conclusions reached by the district court in denying East **Fork**'s motion for reconsideration, we do not hold that East **Fork** is necessarily bound by the judgment in the Foreclosure Action because it acquired its interest from one of the parties and failed to intervene. As discussed above, a transferee of an interest in real property is only bound by the outcome of a pending action if they were in privity with a party, which requires that they had notice—actual or constructive—when they acquired their interest. And if East **Fork** was not so bound, then the burden was on Deutsche Bank to join East **Fork** as a party, not on East **Fork** to intervene. See Kasowitz, Benson, Torres & Friedman, LLP v. JPMorgan Chase Bank, N.A., No. 99, 2024 N.Y. LEXIS 1924, 2024 WL 4885393, at *3-4 (N.Y. Nov. 26, 2024).

* * *

We have considered East **Fork**'s remaining arguments and find **[*15]** them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

---

**End of Document**